Juan **GRANADOS**, Plaintiff–Appellant,

v.

**J.R. SIMPLOT CO., INC.,**
Defendant–Appellee.

No. 06–35584.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 11, 2008.

Filed Feb. 1, 2008.

William Breck Seiniger, Esq., Seiniger Law Offices, Boise, ID, for Plaintiff–Appellant.

Brian K. Julian, Esq., Anderson Julian & Hull, Boise, ID, for Defendant–Appellee.

Before: BEEZER, TASHIMA, and TALLMAN, Circuit Judges.

## MEMORANDUM *

Juan Granados appeals the district court's grant of summary judgment in favor of his employer, J.R. Simplot Co., on his claim under the Americans with Disabilities Act ("ADA"). We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm.

 We review the district court's grant of summary judgment de novo, considering the evidence available to the district court at the time the motion was made, and viewing facts in the light most favorable to the non-moving party. *See Head v. Glacier Nw., Inc.*, 413 F.3d 1053, 1058 (9th Cir.2005). Granados contends that the district court erred in holding that he failed to raise a genuine issue of material fact that he was disabled at the time of his termination.[1] To qualify as disabled under subsection (A) of the ADA's definition of disability, 42 U.S.C. § 12102(2)(A), a claimant must prove that (1) he has a physical or mental impairment, (2) the impairment limits a major life activity, and (3) the limitation upon that activity is sub-

---

* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. Granados separately raises other issues— contending that the district court failed to consider all of the evidence in the record, relied on hearsay, and unfavorably weighed Granados's credibility—that are part of this court's normal review of a district court's grant of summary judgment. We considered each of these contentions in arriving at our decision.

stantial. *See Toyota Motor Mfg., Ky., Inc. v. Williams*, 534 U.S. 184, 194–95, 122 S.Ct. 681, 151 L.Ed.2d 615 (2002). On appeal, Granados argues that the district court overlooked evidence that he was substantially impaired in the major life activity of sleeping.

We have previously held that sleeping is a major life activity. *See Head*, 413 F.3d at 1060. To establish a substantial limitation on the major life activity of sleeping for the purpose of defeating summary judgment, all that is required is the plaintiff's declaration alleging great difficulty sleeping at night. *See id.* A plaintiff's statements may not be merely self-serving, however, and they must contain sufficient detail to convey the existence of an impairment. *See id.* at 1059. Granados's affidavit does not meet this standard.[2] Although he alleged that he was unable to obtain "restful" sleep, and that his impairment allowed him to sleep for three or four hours at a time, he failed to provide details alleging the extent or regularity of the impairment.

We also affirm the district court's determination that Granados was not substantially limited in the major life activity of working.[3] "To be substantially limited in the major life activity of working, ... one must be precluded from more than one type of job, a specialized job, or a particular job of choice.... Similarly, if a host of different types of jobs are available, one is not precluded from a broad range of jobs." *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999). In light of this requirement, we have required plaintiffs to "present specific evidence about relevant labor markets to defeat summary judgment." *Thornton v. McClatchy Newspapers, Inc.*, 261 F.3d 789, 795 (9th Cir.2001). It is undisputed that Granados did not make such a showing in this case.

Finally, we note that even if Granados had succeeded in establishing that he was disabled under the ADA, Simplot would not have been required to accommodate Granados's disability because, as Granados concedes, he did not make a specific request for an accommodation. Granados argues, however, that a post-suspension letter he wrote to Simplot which mentioned grogginess and sleepiness was sufficient to trigger Simplot's duty to engage in the interactive process. In the absence of a specific request, an employer is "required to initiate the interactive process only when an employee is unable to make such a request and the company knows of the existence of the employee's disability." *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1188 (9th Cir.2001) (citation and quotation marks omitted). Nothing in the record indicates that Granados's alleged sleepiness, or any other factor, prevented him from requesting an accommodation. The district court's grant of summary judgment is therefore

**AFFIRMED.**

2. Nor is there any medical opinion attesting to such a disability.

3. We recognize that the Supreme Court has questioned the validity of working as a major life activity, as well as the Equal Employment Opportunity Commission ("EEOC") regulations that define it as such. *See Williams*, 534 U.S. at 194, 122 S.Ct. 681 (questioning the persuasive authority of the EEOC regulations); *Sutton v. United Air Lines, Inc.*, 527 U.S. 471, 492, 119 S.Ct. 2139, 144 L.Ed.2d 450 (1999) (assuming without deciding that working is a major life activity).